Case number 4-15-0771, People v. Larry Edwards, appearing for the State as Attorney Lassie and, I'm sorry, appearing for the Appellant as Attorney Lassie, appearing for the State as Attorney Majors. Good morning. Good morning. Ms. Lassie, you may proceed. May it please the Court, Counsel, my name is Jennifer Lassie with the Office of the State Appellate Defender and I represent Mr. Larry Edwards Jr. The State has conceded the first issue regarding post-conviction counsel's performance and the only remaining argument is that Mr. Edwards' direct criminal contempt conviction should be vacated. Direct criminal contempt of court is conduct that is calculated to embarrass, hinder, or obstruct the court in its administration of justice, or derogate from the court's authority or dignity, bringing the administration of law into disrepute. The threat to the administration of justice must be an imminent one. Actions that are disrespectful, deceitful, or disobedient are only criminal contempt to the extent that they disrupt court proceedings. A court's contempt power is to be exercised with caution. And the United States Supreme Court has made clear that criminal contempt is not for the protection of judges who may be sensitive to the whims of public opinion. And one isolated disparaging statement, while offensive, is not necessarily criminal contempt of court. Can you describe then the character of the contempt that was found in this case? If not direct criminal contempt, what was it? Your Honor, I believe it doesn't fall under any category of criminal contempt, direct or indirect. This was merely Mr. Edwards speaking to his counsel while leaving the courtroom and it was clearly after proceedings had ended. The court announced the hearing was concluded and it was at that point that Mr. Edwards began to speak to his attorney. Why does that matter? Because it did not disrupt proceedings where they had already terminated. So the court says we're in recess but hasn't left the courtroom yet. At that point the defendant can say anything he wishes and it's not a basis for finding contempt? I do believe that the law is clear that he can say he was speaking to his attorney, the hearing had concluded, and this was protected by the First Amendment. This was a conversation with his defense counsel. Well, my question is he can say anything he wants at this point. I didn't realize the First Amendment was implicated in this as well. Including, let's say, discussing at some length in a stage whisper to his lawyer the sexual practices of the judge's parents. That would be permissible as well? No, Your Honor, I think that's... Why not? Well, the first question is, is the fact that recess was called and the proceedings, so anything said, is no longer a conceivable basis for finding contempt? I don't think that that means that anything goes. Well, we need some bright lines here, counsel. The question, you say the judge said we're in recess. Does that stop the issue of anything being said as being even potentially contemptuous? No. Because even though the judge is still there, but he said the hearing's over and he's in the process of leaving. Right. You seem to be arguing that because he said that, it can't be contempt anymore. Is that what you're saying? No, Your Honor. I think that's a good question. I think that the hearing concluded is one factor that plays into this. Well, what does it mean, the hearing is concluded? The judge is still there. Well, also, I think we have to consider the content of the comment. This comment does not rise to the level of contemptuous conduct. Well, you've mentioned this First Amendment matter. I'm kind of curious about that. So a person has a First Amendment right in court to say anything he wishes, even if it might be contemptuous of the court? No, the First Amendment does not override the court's need for order and administration of justice, but it is something that factors into this case. So how does it factor in? If he says something that's contemptuous, does the First Amendment trump finding the defendant to be in contempt? No, Your Honor. Then, you know, you throw out the First Amendment counsel, and I don't know where we're going with it. Okay. Your Honor, in the opening brief, the New York Times Company v. Sullivan case points out that injury to official reputation error affords no more warrant for repressing speech that would otherwise be free than does factual error. That's a civil case. I'm sorry? That's a civil case. I still think the contempt rules are still relevant here. Has any contempt case cited what you just cited as having any pertinence?  Yeah. I mean, that's the New York Times dealing with a civil case of defamation that has any pertinence to whether or not a trial judge properly held someone in direct criminal contempt. Yes, Your Honor. In that case, they say, the United States Supreme Court says verbatim, where judicial officers are involved, this court has held that concern for the dignity does not justify the punishment as criminal contempt of criticism of the judge or his decision. So that case seems clear that a litigant Well, that's writing about judges. How about speaking about judges in open court? Well, Your Honor, I think this was a private conversation between Mr. Edwards and his counsel. It was so quiet, the court reporter found the statement to be inaudible. So we shouldn't believe the judge when he said he heard it? No, Your Honor. I'm not saying that. And what is the point of saying it's a private conversation if the judge heard it? Well, Your Honor, a case from this court, People v. Hanna, notes that one isolated statement that is not loud or boisterous and made during court proceedings does not rise to criminal contempt. The first question is, did the judge hear it? The judge claims he heard Mr. Edwards' Claims he heard it. So he's lying? No, Your Honor. What do you mean, claims he heard it? Is this a fact that we can't accept because he claimed it and we should be skeptical? No, Your Honor. I think even if Mr. Edwards said exactly what the court said he did, it does not rise to the level of contemptuous conduct. Well, counsel, you used the phrase, the court claims he heard it. And I use that, Your Honor, because the court reporter found the statement to be inaudible. Therefore what? Therefore that means we can't believe the judge or we shouldn't believe the judge? No, Your Honor. I think even if we take the facts as the judge has said that they are. So why are you mentioning that, counsel? When you say, see, you know, language has meaning. When someone says, X claims he heard something, doesn't that connote that there's doubt? Well, Your Honor, I wasn't saying that. Is that what you're saying? No, Your Honor, but I wasn't there. Then why are you saying it? Why do you use the term claims? Because the court reporter found the comment to be inaudible. And I use the word claim because I think it demonstrates how quiet this comment was made to counsel. But that's, see, that's, you know, you could have said it wasn't made loudly and the court reporter didn't hear it. When we say the judge claims to have heard it, that means we should be perhaps skeptical. Is that what you're trying to say? Not necessarily. Would you like to rephrase? I think it is as a duty as an advocate for my client that I chose this phrasing. To suggest the judge might be lying. No, Your Honor. Isn't that what you're telling us, counsel? No, Your Honor. It's just that it wasn't, the court reporter did not hear the comment and found it to be inaudible. Can I interject? Yes. To be clear, this is a method the court uses when, as I understand the facts in this case, the defendant is being led away, the defendant makes these comments, the judge, having heard the comments, makes that clear on the record by repeating the comments verbatim. And then as we continue throughout the contempt proceeding, there's no real denial or correction of the judge's recitation of what the comment was. The very reason the court is repeating exactly what the court believed he heard is so that it's clear that he did hear this. So whether or not the court reporter heard it or not, this is a practice the court uses to memorialize the contemptuous, what that court believes to be a contemptuous statement at the time. It's just a memorialization of that, should the court reporter not have heard it. That's correct, Your Honor. And even though Mr. Edwards was with counsel, counsel did not make any comment negating that that's what Mr. Edwards said. So I do not have anything to demonstrate that the court's summarization or statement on the record is inaccurate or false. Okay, so continue your analysis with the presumption here that it was said and it was heard by the judge in open court. Now, the contempt. Go from there and explain why that's not direct criminal contempt. Yes, Your Honor. Thank you. So the hearing had concluded, and as the court noted on the record, this comment was made to Mr. Edwards' counsel as they were leaving the courtroom. The court points this out. It was as you left the courtroom, you said the county is crooked and that I know it. That's a sad fact, but the judge knows it. If we look at Little, the Supreme Court case cited in the opening brief, during proceedings the defendant said the court was biased and had prejudged the case. The United States Supreme Court said that in context this was not contempt. It was not boisterous and it did not disrupt the proceedings. It was made in arguments. And it was not an imminent threat to the administration of justice. This court before, in Hanna, the defendant said, this court has messed up so much already it's pathetic. This court found that that was not contempt. It was an isolated statement. And Mr. Edwards' comment here is very similar to Hanna and Little. And as this court noted in Thomas v. Coe, a Fourth District case, this court pointed out how important it is that the disrespectful comments disrupt proceedings. So counsel, I'm going to read directly from your brief a quote from People v. Simic, that direct criminal contempt has been defined as, quote, conduct which is calculated to embarrass, spender, or obstruct the court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute, close quote. Here, a statement that by the defendant, heard by the court, that the court is crooked does not fit that definition? Well, Your Honor, he said the county was crooked and that the court knows it. And I do not think that that fits the definition.  Was he talking about some other department? I think pretty clearly the defendant is indicating it's the judge that is crooked here. So, Your Honor, I think there's two points to that argument. One, I think that with context it seems like he's talking about counsel and the representation he's received in this county, because immediately before this off-the-record comment about the county being crooked, he says to his counsel, you went with the pro se. I didn't do anything on my pro se motion. And when the court calls him back up there to the bench, the court says, you know, the comment, and that's a sad fact because the judge knows it. And Mr. Edwards responds, Your Honor, I filed a, and the court interrupts him. He tries to explain, I filed a, and I think it's clear from context he's talking about his petition. The court says, I find you in direct criminal contempt of court. Is there anything you want to say before I sentence you? And, again, he says, yeah, I filed a post-conviction, and he didn't add anything or tender anything to my post-conviction. And then the court interrupts him again. So I think with context it's clear he's complaining about the representation he's received in this county. Before this, he had trial counsel who acted with a conflict of interest. His trial counsel represented him and talked to all the co-defendants and then went on to represent a co-defendant who gave incriminating statements against Mr. Edwards. It was a clear conflict. So I think he's had a terrible experience with the attorneys in this county, and I think with context that's what this comment seems to be, where this comment about the county being crooked is couched in between his comments about his pro se petition. It seems clear to me. And then the second point. Okay. Okay, I'm sorry. I don't mean to just fall on the second point. I can certainly understand your argument with context. You just made a cogent, excellent argument that I certainly understand. However, again, with the panel, you have former trial judges. This is what's known as a parting shot. This is not an isolated thing. This is something that happens quite a bit, unfortunately, in circuit court, wherein this particular defendant is getting his parting shot in as he leaves the courtroom, which suggests it was loud enough. He's leaving the courtroom, walking away. You argue he's talking to counsel, something about the county being crooked, but then he's got to try to get this argument, get the court's vote, by saying, and the court knows it. So you can see the context, but also the context in which the court has come across these situations in the past and may be looking at this in a different light. Yes, Your Honor, and I think even if, that's my second point, even if this comment directly refers to the trial court, even when he says county, if he is talking about the court, I still think this does not rise to the level of contemptuous conduct. It was not an imminent threat to the administration of justice, and unfortunately litigants and parties do have this right to have criticisms or comments about the court and their treatment in the court, their opinions on how things went. What about when that rises to the level of questioning the court's impartiality? Your Honor, I think in Little, the United States Supreme Court case, the defendant said the court was biased and had prejudged the case and said this during proceedings, and the United States Supreme Court said this was not an imminent threat to the administration of justice. Litigants are allowed to criticize the court, and unfortunately the court has to take it to some extent. I think when it becomes disruptive during proceedings, That's different than calling a judge crooked. Any motion for substitution as a matter of right may well have an argument that the party thinks that the judge is biased for a particular reason. I mean, that's what's spurring the motion for substitution of the judge. That's different than calling a judge crooked in open court. Yes, Your Honor, but again, I don't think he was calling the judge crooked, and I think even if he was, this seemed to be a comment after proceedings had ended. It was one statement. It was an isolated statement. It wasn't made in a loud or boisterous tone because the court reporter found it to be inaudible. I think when you consider all the facts surrounding the statement, the treatment that he had received by his counsel, who stood idly by while the court found him in contempt and did nothing, counsel presented no argument on Mr. Edwards' behalf, just as he had done with the post-conviction petition. Mr. Edwards did not receive good treatment in that county by any attorney that he had. And I think when you consider in context all of these facts that the proceedings had ended, for example, Mr. Edwards did talk earlier in the proceedings to his counsel and to the court, and the court told him, if you talk or interrupt again, then I will hold you in contempt. And Mr. Edwards followed the court's order. And it was only after the court said his petition was dismissed and that will conclude this hearing that he spoke to his attorney. And as the court noted, it was while they exited the courtroom. I think that these are the winds of public opinion that the Supreme Court has talked about that unfortunately the trial courts have to face as part of their job. I don't think that these comments were a threat to the administration of justice. I think when you consider the comments in context and in their entirety with the law from Hanna and Little, I think it's clear that this does not rise to the level of contemptuous conduct. Did your honors have any more questions? I don't see any. Thank you. Mr. Majors. May it please the court, counsel, I'd like to clarify a couple of things. I've heard counsel talk about six or seven times that the court reporter put down the words inaudible and that defendant's remarks were not loud or boisterous. If your staff looks at Record Volume 1, C2 through C3, it appears to be a docket entry and it appears to be in the judge's handwriting. It states, quote, as defendant left the courtroom, they have a deed for defendant. Defendant stated loudly that this is a crooked county and the judge knows it. So she's mentioned that six or seven times about this not being loud. In their opening brief on page 19, 21, 23, and 24, they talk about it not being loud. The Wilson case was affirmed because it was loud, and Hannah and Little were reversed in part because it was not loud. So all these arguments about this not being loud or boisterous, I think, are undercut by this docket entry, which appears, again, it's a docket entry on its own. It's C2 through C3 of Volume 1. The other thing I'd like to make clear is that if this, I mean, as I've said many times before, I'm looking at 150 years of experience, 40 to 50 percent of that is as trial judges. You know how these things go. There's crowded dockets. There's unscheduled matters. People come down from the jail. Witnesses are waiting. People are in the wrong courtroom. People are under the influence. The surrounding circumstances are that the defendant interrupted the judge repeatedly prior to this remark and was repeatedly told that he had counsel and he should not speak. Now, as to this protected speech argument, the defendant had this paletti. He was dismissed from the case, and the defendant hired, or somebody hired for him, a private practitioner, Gary Morris from Peoria. And Gary Morris entered into what I consider to be a favorable plea agreement, whereby the defendant pled guilty to one felony and got day-for-day good time. And the defendant's argument all along has been, I didn't get day-for-day good time. Well, he did. Now, I don't think this was a protected speech or a political statement, and counsels repeatedly said this was made first not loudly and second it was made to his counsel. There's nothing in the record that shows this was made to his counsel and not to the judge. And the states confessed argument one, admitted their argument one, so it's going to be remanded anyway. If this court thinks it's proper to remand it for a more complete record, the state's not opposed to that. Questions? I see none. Rivaldo argument? Yes, Your Honor. First, this is the first the state has mentioned that docket entry was not mentioned in briefing. The only argument the state raised in its brief was that this court should find invited error or waived error and not address Mr. Edwards' contempt argument. Next, the state pointed out that Mr. Edwards interrupted the proceedings repeatedly. However, if you look at the transcript, it's clear that Mr. Edwards was trying to talk to his post-conviction counsel to get him to raise arguments during the proceedings because post-conviction counsel stood silent. So it seemed to be that he was whispering to counsel, which was disruptive. And the court told him, if you interrupt again, I will find you in contempt. And Mr. Edwards did not interrupt again from that point on. He followed the court's instruction on that. So I think that's important. Also, again, I just want to stress, if you look at this with context, this was made after the hearing had ended. And while the state argues that there's nothing showing that these comments were made to counsel, right before this inaudible comment, Mr. Edwards said, you went with the pro se. I didn't do anything on my pro se motion. So it seems clear to me he's talking to counsel who went with his pro se. And it's as they're exiting the courtroom. It seems clear to me that in context, this was a conversation to counsel. He said, you went with my pro se. I didn't do anything on my pro se. And that's where this crooked county comment followed. It was immediately after that was the inaudible comment. And I think if you look at Hannah and Little, it's clear that one isolated comment, while though disparaging or disrespectful, this one isolated comment after the hearing had concluded, did not rise to the level of contemptuous conduct. Litigants are allowed to have opinions about the court and to criticize the court. And this one was not a disruptive statement. It was made after the hearing had ended. And it was not contemptuous conduct. I have one question, if that's all right. We haven't heard much about the standard of review. So will we have to discount what the court memorialized with regard to what was said and the court's docket entry and not find that there was sufficient evidence supporting a contempt finding and essentially, and I understood your argument as you made it. It's quiet. He's talking to counsel. It's not meant to be disrespectful. But we have to discount everything the court did and what's in the record? No, Your Honor. I think even if we accept the court's statement on the record as- So it's loud. He heard verbatim, read back what was said, and then we accept the statement for what it is. Yes, Your Honor. I still think that that was not contemptuous conduct beyond a reasonable doubt. And that is the standard. And I do not think there's sufficient evidence for contempt here, even if we accept the facts exactly as the court has laid them out for us in the record. Thank you, Your Honor. Okay, thank you. Case will be taken under advisement and a written decision established.